When you're ready, counsel, you can proceed. Good morning. Good morning, and may it please the court. My name is Lucy Dix-Moreau, and I'm pro bono counsel representing appellant Samuel Luckey, parent Dromiak, those similarly situated, and Arizona Attorneys for Criminal Justice, or AACJ. I'd like to reserve five minutes of my time for rebuttal. Under the totality of the circumstances, MCAO's retaliation policy creates a uniquely coercive regime that leaves defendants in the EDC unable to knowingly and voluntarily waive their state creative liberty interest in a preliminary hearing. Based on the facts alleged in the First Amendment complaint, MCAO's enforcement of its retaliation policy amounts to a total deprivation of defendants' right to a preliminary hearing, and therefore constitutes a due process violation. Can I ask you a couple preliminary questions before you get too deeply into your argument? This is a facial challenge, correct? Plaintiff's claim is valid as either a facial or as applied challenge. Well, I thought you made clear, both to the trial court and in your briefing, that this is a challenge on the face of the policy. Am I wrong? No, Your Honor, you are correct. As we explained in our briefing, though, plaintiff's claim… …to the state created interest analysis, correct? Yes, Your Honor, that's correct. Okay, now, having said that, I'm looking at the face of the policy, and the face of the policy says that the Maricopa County Attorney's Office may make offers at the initial hearing, at the arraignment, or at the preliminary hearing. So, I'm trying to figure out how the face of the policy requires your clients, these two gentlemen, to waive the preliminary hearing when the face of the policy recognizes that an offer can be made at the preliminary hearing. Your Honor, I believe what you're referring to is MCAO's prosecution policies and procedures, which is a red herring in this case. MCAO is not, in practice, following its written policies and procedures. Well, no, I'm reading the actual policy. The policy in this case, unless I'm wrong, the policy that you're attacking is the one that says, if a defendant rejects a plea offer, or if the offer expires, the presumption as a future offer will be harsher. Two paragraphs before that in the policy, it says, if appropriate, offers may be extended before arraignment, at the status conference, or the preliminary hearing. So, I'm talking about the very policy that you're attacking here, and I'm trying to figure out how it facially requires your clients to waive the preliminary hearing. Your Honor, the policy that plaintiffs are attacking is at page 60, paragraph 4, in the excerpts of the record, and is not the written policy, I believe, that you're reading. So, let me ask you this question. I think you're right, which is that the plaintiffs in this case are bringing a facial challenge to an outdated policy, and this issue comes up in the briefs, and the plaintiffs don't argue that the current policy, which is the one that was put into place in 2020, is in fact the policy that MCAO currently applies. So, can't this court take judicial notice of the current policy, rather than accepting the outdated policy, which is the one I think the plaintiffs challenged? Your Honor, whether or not the court can take judicial notice of the current policy, we would argue, is irrelevant, because in practice, MCAO is implementing the policy that I described, that is MCAO's official policy, practice, and custom of threatening defendants in the early disposition courts of Maricopa County, with a substantially harsher plea offer, if they reject their initial offer, and instead assert their right to a preliminary hearing. But this is a facial challenge, so I guess, help me understand, if you bring a facial challenge, and I think that you agree that this is a facial challenge, then how can we do anything other than look at the face of the operative policy, which is not the one that forms the basis of the complaint, but is the one that was adopted by Maricopa County in 2020? This policy is still printed in, or still confirmed by email with defense counsel, which you can see. Now that's not a facial challenge, now you're talking about its application. So assume Judge Desai is right, as I think she is, we can take judicial notice that the policy that you're attacking was replaced by another policy before either of your clients were charged, and if we're focused on that second policy, it seems to allow, on its face, that plea offers can be made at a preliminary hearing. So I'm trying to figure out how you can make a facial claim that you're being required to waive a preliminary hearing, when the policy on its face recognizes that the government, the state in this case, may wait until the preliminary hearing to make an offer. Your Honor, plaintiff's facial challenge relies on the text that's printed on plea offers. I understand. I understand you're saying you're relying on the outdated policy and you're asking us to ignore that a new policy was adopted. I understand that argument. I don't think you get very far with it, but I understand it. I asked you to assume that Judge Desai was right, that we had the ability to take judicial notice of the actual policy, in effect, when your clients were arrested and charged. If we do take notice of that actual policy, doesn't your facial challenge fail? Your Honor, there are two reasons why our facial challenge, or one reason why our facial challenge would not fail, and a second reason why that would not affect the outcome of plaintiff's appeal. First, a Supreme Court precedent, specifically Citizens United v. Federal Election Commission, demonstrates that facial challenges need not depend solely on the record. In Citizens United, the Supreme Court acknowledged that the facial challenge inquiry was facilitated by a more than 100,000-page record. In this case, we are pointing to the practice the MCO employs in enforcing its policy. And if this Court were to allow plaintiffs' claim to proceed, plaintiffs could obtain further discovery to support their facial challenge. Well, let's talk about these. I understand your point. I want to switch you for a second to talk about these two plaintiffs who strike me as perhaps not well chosen. They both took months and months before deciding whether to accept a plea offer. And in the case of, I think, the second one, he got a better offer after not accepting the initial one. How does that affect your facial challenge? Your Honor, I believe the named plaintiff that you refer to who accepted a more favorable plea offer was Mr. Samuel Luckey. And I would first start off by reminding this Court that plaintiffs are challenging the coercion of their right to preliminary hearing and their waiver of that right. Yeah, I want to get to that in a second. But where I don't see an allegation in this case, and may be wrong about that, that either of the named plaintiffs was required to waive a preliminary hearing in order to keep the offer alive. Am I wrong about that? You talk about a policy and a practice, but I'm asking about the named plaintiffs. Is there an allegation that either of them was required to waive a preliminary hearing? Yes, Your Honor. Mr. Luckey, in April of 2021, at his status conference, actually stated on the record that he felt threatened by MCAO's retaliation policy. And that he felt he had no choice but to waive his right to a preliminary hearing because the prosecutors would disclose no other evidence and his hands were tied. And in that case, yes, he was required to waive his preliminary hearing. He was coerced into waiving his preliminary hearing in order to avoid the substantially harsher or presumptively harsher plea offer for the threat under MCAO's retaliation policy. Okay, so now if I could shift to the merits of your claim, and let me ask you to respond to this. Every plea offer, as I understand it, requires a defendant to waive constitutional rights. The right to a trial by jury, the right to confront his accusers, the right to prove beyond a reasonable doubt. You don't claim that, let me ask you, does that make every plea bargain unconstitutional? No, Your Honor, because pleas are knowing and voluntary, and that is the key distinction here. Well, but you're not really claiming, because if you are, you've got a problem. If you're claiming that the pleas offered by these two clients were not knowing and voluntary, then you've got a heck problem, don't you? Sorry, Your Honor, I misspoke. I thought you were asking about pleas generally. No, we're focusing on the plaintiffs in this case as opposed to philosophical discussion of pleas generally. Yes. So it seems to me these plaintiffs are not claiming that their pleas were not knowing and voluntary, correct? Your Honor, if I understand you correctly to be asking whether the named plaintiffs' pleas are knowing and voluntary, they would not be knowing and voluntary. Well, then if you're claiming that their pleas are not knowing and voluntary, you've got a heck problem with these two defendants, because a claim that their plea was not knowing and voluntary is an attack on their convictions. You're familiar with heck, I take it. Your Honor, a finding that the named plaintiffs' pleas were coerced and were invalid is not necessary to reach a finding that the waiver of their preliminary hearings, which is the claimant issued before this court, were coerced and invalid. Right, so that's why I'm asking. You're not claiming, are you, that these plaintiffs have not made knowing and voluntary pleas? No, Your Honor, we are not claiming that. It is a byproduct of the coerced waiver, however. Okay, so now I'm back to, we got off on a sidetrack here, but I'm back to the question that I asked. Every guilty plea coerces, in some ways, the waiver of constitutional rights. So why is it unconstitutional, even assuming all the facts that you want us to assume, for the county attorney to say, I want you to waive your right to a preliminary hearing, if that is in fact their policy, as a condition of this guilty plea, of this plea offer? Your Honor, it is unconstitutional in this case because the conditions in the EDCs under MCAO's retaliation policy are coercive, so that defendant's waiver in the EDC is involuntary, and they're involuntary under that standard. You keep coming back to involuntary. If you claim that these two gentlemen made involuntary pleas, there's a post-conviction review procedure and a habeas procedure for you to raise that. But in a 1983 action, we can't conclude that their pleas were involuntary, because that would be a collateral attack on their convictions. So my question is very simple. If one can waive all the rights in the world, and I've had clients accused of crimes that gave rise to the death penalty, and the state said to them, if you plead guilty, we'll take the death penalty off the table. That was a very coercive offer. The clients thought about it, were advised, accepted the offer. Does that mean that, was that unconstitutional? Your Honor, I want to make sure to clarify what I said earlier. I was not speaking to the involuntariness of the name plaintiffs or defendants in the EDC generally. The involuntariness of their pleas, I was speaking to the involuntariness of their waivers, of their state-created liberty interest, and the right to— That's why I asked the broader question, and that's why I'm asking you to come back to it. I'm sure in the case that I just posed, my clients would have liked to have had a trial and to see how it came out, but they were worried that it might come out badly. And so they, in the end, decided to waive all their constitutional rights to a jury trial, to proof beyond a reasonable doubt, to confronting the witnesses against them, and decided to accept the guilty plea. They were coerced into it because the guilty plea was much more attractive than the alternative. So why is it any different with respect to your case? Your Honor, in this case, the totality of the circumstances is key here to explain why it's different. And there are five reasons why it is uniquely coercive under MCAO's retaliation policy. Give me your best two. Your Honor, did you say your best two? Yeah, give me your best two. Whenever somebody says there's five reasons, I'm concerned that I want to hear the best ones first. Yes, Your Honor. The number one reason would be the threat itself. Prosecutors explicitly threaten defendants with a presumptively or substantially harsher plea offer if they do not waive their right to a preliminary hearing and instead assert their right to a preliminary hearing. And second, the fact that the policy imposes a condensed timeline which has numerous subsequent effects, depriving defendants of key information about their case, denying them the ability to consult with their counsel in a meaningful way. But that point cannot be made of your clients in this case, who were represented by counsel for months and months before they decided to accept the offer. I'd understand that if it was brought by somebody who was told at the hearing that you must accept it even before you had a chance to consult with your counsel. But your clients were represented by counsel for months before deciding whether to accept offers, correct? Your Honor, in the case of Mr. Luckey, the majority of the time that you're referring to before he accepted his plea offer fell after the time in which he was coerced to waive his preliminary hearing, and that's a key distinction. Because as it pertains to plaintiff's claim here, that time that spanned between his waiver and his acceptance of his plea offer is irrelevant to plaintiff's claim. And we would also point out that the time element is only one reason here, and the number one reason that MCAO's retaliation policy is so coercive that it overcomes plaintiff's free will or defendants generally in the EDC is the threat itself. I've taken you past the time you wanted to save for rebuttal, but before you sit down, I want to make sure neither of my colleagues has a question for you. I don't have a question. If you want to save the rest for rebuttal. Yes, Your Honor, I would like to reserve the remainder of my time for rebuttal if there are no further questions. Thank you. We'll hear from the county attorney. Thank you. Good morning. May it please the court. My name is Joe Branco from the Maricopa County Attorney's Office here on behalf of Maricopa County Attorney Rachel Mitchell. Plaintiffs seek not to enforce state created rights regarding preliminary hearings, but to create federal rights to discovery and plea bargaining. This approach fails for two reasons beyond those that the court has already discussed. First, it's the Arizona rules of criminal procedure, not the county attorney's plea bargaining policy, that sets the guidelines regarding discovery in the early disposition courts. And the allegations show that prosecutors are following those rules. Let me ask you a question about the rules. And I give you a little bit of background. I was on the Arizona Supreme Court when we adopted Rule 15.8A. And we were concerned with plea offers being extended without the defendant being given sufficient time to consider them. Does Rule 15.8A apply in this case? No, Your Honor. Rule 15.8A does not apply because it is conditional upon if the state has filed an indictment or information. So, and I thought that would be your answer. So, in order to get around Rule 15.8A, the county attorney makes offers before information or indictment is filed and then thinks it's not then required to provide the discovery that 15.8A would require if such an indictment or information were filed. Is that correct? Other than taking issue, Your Honor, with the phrase getting around, yes, that is correct in terms of Thinks it doesn't constrain them. Correct, Your Honor. And that is because 15.8 It seems that we may have made a drafting mistake when drafting Rule 15.8A because it was pretty clearly the court's intention to make sure that all plea offers remained open for 30 days. I'm glad you brought that up, Your Honor, because I think that's important. There is a remedy here. The remedy here is with the Judicial Branch of Arizona that if 15.8A is going to apply under these circumstances, then the rules must be changed. But when we're here now on a stripped-down version of the claims, only on state-created rights, the court should affirm because the county attorney's office is complying with those rules as written. Well, but those rules may or may not set the outer boundary of the constitutional claim. So the question, I guess, in my mind now is, now that you've told me you don't think Rule 15.8 applies, is what are the limits on the county attorney's ability to say to a defendant, Hi, you've just met your lawyer. I have an offer. Before you talk to him, you must accept this offer or it will go away. Are there any constitutional limits on that kind of behavior at all? Yes, Your Honor. I know you'll tell me that's not what you did here, but I'm asking the extreme case. So what are the constitutional limits on exploding offers, if you will? And I want to be clear, Your Honor, when you say constitutional limits, do you mean with respect to the federal constitution? Yes. Okay. So I think it would be the same. There isn't any state's constitutional claim in this case, as I understand it. Correct, Your Honor. And there isn't a federal constitutional claim under the 14th Amendment due process clause with respect to vindictiveness. That's why I wanted to be clear. No, I understand. But I'm asking you a broader question. Are there any limits at all, in your view, on plea bargaining practice? Yes, Your Honor. I think the most compelling limit would come from Borden, Kircher, Brady, and Ruiz when they discuss the procedural safeguards that are in the backdrop. In that case, it was the backdrop of the federal system. But I see no reason why they wouldn't apply to the state system as well. It's, after all, one due process clause that we're dealing with. So would you agree that if the policy here that we're talking about, the 2020 policy, is implemented as alleged, even if it's not facially invalid, it would violate at least some defendants' Brady rights? So I think you mentioned Brady, and I think our Supreme Court precedent in Sanchez v. United States talks about this exception for a Brady violation. Would you agree that at least some defendants' Brady rights would be violated if this policy is facially valid? No, Your Honor, because Ruiz talks about the kind of fast-tracked plea bargaining that is similar to what's at issue here. And Ruiz, I would point out, occurs also pre-indictment. So Ruiz is helpful because it points out the procedural safeguards that come from Federal Rule of Criminal Procedure 11. If you go ahead and take a look at Federal Rule 11 and you compare it to, as I'm sure Judge Hurwitz is familiar, Rule 17, 17.1, 2, 3, and 4, it contains many, if not all, of the same procedural protections. When it comes time to accept for a judge to accept the plea offer as— And so maybe since I understood it that way, let me rephrase it to you and see if you can respond to it. Let's assume that at some point the state is in possession of Brady material and a plea offer is made and the Brady material is not disclosed. Is that a constitutional violation? If I'm remembering the circumstances of Ruiz correctly, which had to do with the disclosure of Brady material, and I could be wrong, Your Honor. Yeah, I thought Ruiz was Rule 11 material and that's why I was coming back to it. Let's assume that you have an eyewitness who says the defendant didn't do it. And I know you wouldn't do this, but this is a hypothetical. And you go to the defendant and you say, I've got a sweet offer for you. You've got to take it today or it expires. Have you violated the constitutional rights of the defendant? I don't think so under the current case law. Are you familiar with Sanchez v. United States? Is that the Ninth Circuit Court, Your Honor, that was also cited in Morris? I apologize, but it's a 1995 case and I think that's the case that establishes the rule that I didn't articulate very well, but Judge Hurwitz, I think, just asked you about. Which is, doesn't that create a situation in which there is a constitutional limit to a plea? I apologize, Your Honor. I'm not as familiar with Sanchez as obviously I should be today. If that is the case, and it sounds like it is, if the panel is instructing me on it, and I thank you for that, then yes, that would also be a constitutional protection from the federal constitution that would be in place at this juncture in these types of criminal proceedings. Now, that doesn't necessarily implicate a facial challenge because it may not be present in every case. So if you could help me, tell me what we can know about these defendants. Can we take judicial notice of the docket sheets in their case? Yes, Your Honor, and we requested that the district court do so. The district court chose not to, but this court has been provided the same materials that were provided to the district court, so yes. What do they tell us with respect to the state-created interest claim? Do they tell us anything? I mean, I know they tell us they had plenty of time in which to decide whether to waive or not, because the final waiver in one case doesn't occur until far down the line. I think both of the waivers don't occur until far down the line, but what more can we take from the state record? I think the court can also compare those state court records to what is required prior to the preliminary hearing to be disclosed, which comes from Arizona Rule of Criminal Procedure 15.1. 15.1A discusses initial disclosures, and it discusses, and it incorporates, excuse me, two aspects, B3 and B4, that actually come from the supplemental disclosures. Well, but let me ask you again, as to Rule 15.1, which, as I recall, 15.8A incorporates, but put aside 15.8A for a second. Are you required to make disclosures before a preliminary hearing or just by the time of? The rule explicitly says the state must make these reports, and by the way, that would be the police report, and that would also be an expert report if there is one at the time. When must it make them? Available by the preliminary hearing. By the preliminary hearing? Yes, Your Honor. So in a case in which someone waives a preliminary hearing, do you have a responsibility to make those disclosures? Yes, Your Honor. That would be, yes, and I apologize, I'm blanking on which rule. Yes, it would then go under the normal discovery rules would be applicable, and so I believe it's 30 days after arraignment, but I apologize. I was trying to put these three together. I'm not sure that rule requires your disclosure because it says by the preliminary hearing, and if there isn't one, there's no measuring point. Is there another rule that requires that when a case remains open for more than 30 days, disclosures have to be made? I believe it, oh, sorry, Your Honor, it is 15.1C, time for supplemental disclosures. Yes. In the Superior Court 30 days after arraignment. Okay, so you were required by Arizona state rule to make disclosures to these defendants who did not plead until more than 30 days after arraignment? Yes, Your Honor. That's my understanding, yes, Your Honor, and I do want to point out the questioning started with taking judicial notice of what's in the criminal court docket, and I think that the court will see both that the timelines were satisfied and also the contents. Well, thank you, you've anticipated my question, but I'm not sure you've answered it. You gave us a bunch of correspondence between counsel, and I'm not sure we can take judicial notice of that. What is there in the docket that shows me that disclosures that were required by Rule 15.1C were made? Yes, Your Honor, and before I forget, frankly, I believe you can take judicial notice of the correspondence because it's been incorporated by reference in the pleading, because the complaint, of course, delivers some snippets from that correspondence rather than all of it. In terms of what the court can look at from the docket, we've provided the actual police reports themselves. Now, I'm asking about the court docket. The court docket says something happened to such-and-such date that the clerk puts it in the record. So if I look at the court docket, can I – I take your argument that we can go past it, but if I look at the court docket, can I discover anything? And this is not a trick question. I haven't looked at the court docket for that proposition. Is there something in it that tells me this? I just pulled it up, Your Honor, and I'm going to see if there is. My fear is that there is not, because there is probably not a requirement to file a notice the way there is perhaps in the civil world. Yeah, and having in a prior life spent lots of time looking at Maricopa County court dockets, I don't remember ever seeing a sort of notice of disclosure in them. We can look at it, but I was just asking you if you could point to something. I don't see one, Your Honor, in that docket, no, at least in the docket with respect to criminal defendant and civil plaintiff Lucky. So what – let's assume for a moment that Rule 15.1C applies to these cases. What implications does that have in your view for the only claim being pressed on appeal, which is that they're being coerced or unfairly asked to waive their preliminary hearings? I think that it has probably two salient aspects. One is that the complaint about the policy, and I'll go back to what I said at the top, the policy isn't establishing these things. It's really kind of an odd analysis when you look at some of the state-created right case law that was presented. One had to do with a state law that required three phone calls and the night watchman saying – Those were cases in which the state itself was denying a right that was being given as opposed to forcing somebody to give it up. Yes, Your Honor, and I think if there was allegations in the complaint that said that the county attorney's office was failing to follow Rule 15.1, that could perhaps nudge it closer towards stating a claim, but that isn't the case. What we have here are allegations that the police report that would be required under 15.1A is being provided, and additionally that there is no allegation that the time for supplemental disclosure has been violated. What they're talking about not being given – and I apologize, I have to take a drink of water, Your Honor. It's Arizona. You're allowed to hydrate. And this is one of my nervous tics, Your Honor. I apologize. So when they're talking about not being given, I think might fall under 15.1B5, which I think that's for body-worn camera recordings. That would be electronically stored information that the state has, and that's not required to be provided at this early stage. Additionally, all existing material or information that tends to mitigate or negate the defendant's guilt would not be required to be provided at this time. Had there been a preliminary hearing, would all that information be required to be provided? I don't believe so, Your Honor. It's more than what 15.1A requires. In order to – But 15.1A says you have to provide certain information by the time of the preliminary hearing. Let's assume there had been a preliminary hearing in this case. Would you have been required at that time to provide the information required by Rule 15.1B? Not fully, Your Honor, unless I imagine – and again, I can't say as to all cases, but if it was necessary in order to demonstrate probable cause – Right. I'm talking about disclosures now as opposed to information that you put in front of the magistrate. Yes, Your Honor. If that would be necessary, I imagine our prosecutors would put that before the magistrate. And I also want to point out at this stage that I think that this case runs the risk of inflating the importance a bit of the preliminary hearing because the purpose – in comparison to trial rights, and the Court stated in prior questioning that when you're waiving these things, we have a lot of case law talking about waiving a lot of constitutional rights, one of the most foundational, of course, being the right to a trial by jury. And what we're talking about here is waiving the preliminary hearing, which is a necessary check on the state's power, of course, but it's simply still a probable cause determination. And the rules even permit things like certain forms of hearsay to be introduced in order to make that analysis or, in some cases, illegally obtained evidence can even be considered by the magistrate. So I just worry that we're inflating the importance of the preliminary hearing a little bit when we're going to be in some way trying to, as plaintiffs do, disentangle it more generally from the types of rights that are at issue in any criminal proceeding. The other thing that I want to point out, unless there are any questions, certainly your time is far more valuable than mine. We're paid probably less, but let me find out and make sure that my colleagues have a question. I do work for the county, Your Honor. Go ahead. I guess nobody has a question for you at this point. Thank you, Your Honor. I just want to return to one thing that came up earlier and that I think is important, is that we're talking about coercion and voluntariness. That's going to come from that case law that I was talking about earlier, Vordenkircher most importantly, as well as Ruiz, Brady, and Morris. And I don't want us to lose sight of that. I don't think that the analysis that the plaintiffs are putting forth does a good job of trying to import the prosecutorial vindictiveness analysis into this sort of state-created right. I think we're getting very far away from the kinds of one-to-one correspondence, right? Three jail calls, Mike Watchman says no. A right to privacy, an ex-prosecutor releases it. We're getting further and further away from that when we're trying to import these notions of prosecutorial misconduct into this analysis. I do have one other question for you, and I want to alert your colleague to it so she can respond to it. Does the increased possibility of a plea offer on the same terms not being offered, if one rejects the first one, how does that play into the state-created right issue? In other words, I understood it when it was being used as a basis for the vindictiveness claim, but I'm now trying to figure out, in your view, does it have relevance to the state-created right issue? It does not, Your Honor. It does not because, again, it lacks that one-to-one correspondence. To have a true state-created right claim under these circumstances, there would need to be allegations that Maricopa County Attorney's Office prosecutors are failing to live up to their obligations under the criminal rules, and that's not the case here. If none of my colleagues have any questions, we'll put your one minute in the bank and we'll save it for another day. Thank you, Your Honor. We request that you affirm. Thank you. You've got about three minutes and 25 seconds, Counsel. Maybe you could begin by addressing the last question I phrased to your friend, and let me make this in the form of a hypothetical. Let's assume that the county had no policy about increasing the plea offer, if you will, if it was turned down, but simply required that you waive your right to a preliminary hearing in order to accept the plea offer. In your view, would that be a constitutional violation? Sure. Your Honor, in this case, plaintiffs are challenging a very specific regime. I understand. You don't have to tell me that it's not the regime they have. I'm asking a question. Remove from the policy the presumptively higher plea offer, and keep everything else the same. Would you have a constitutional violation? Your Honor, the primary reason for the constitutional violation that we see here is the threat itself. Without the threat, that reduces the issue, so we may not have a problem with that. Okay. Go on to your rebuttal. I just want you to address that. Go ahead. I took you off theme, I'm sure. Plaintiffs have three points that we'd like to make on rebuttal. The first is responding to MCIO's assertion that there are procedural safeguards in place under the retaliation policy. The second is that the MCIO still abides by rules of criminal procedure that they apply under the retaliation policy. And then the third is just to reiterate that this is a distinct state created liberty interest claim. So briefly, the procedural safeguards that were referenced from Gordon Kirchherr v. Hayes, United States v. Ruiz, and also from United States v. Morris are absent here under the retaliation policy, because each of those cases emphasize elements like counsel, informed decision making, having sufficient time. None of those are present with the condensed timeline that is imposed by the retaliation policy and lack of discovery and information available to defendants in the EDC. Similarly, MCIO's retaliation policy doesn't end run around the rules of criminal procedure by coercing a waiver of the right to a preliminary hearing so that cases are not bound over to the superior court where these rules are required to be applied. And specifically, the rule that my colleague on the other side referred to, 15.1c, that requires discovery and supplemental disclosures to be provided within 30 days after arraignment, was not abided by in Mr. Luckey's case. He was arraigned on April 7th. Well, but that's an as-applied challenge, is it not? In other words, if the law requires disclosures, the fact that they weren't made in your client's case may give him an as-applied challenge, but it doesn't make the law facially invalid, does it? Your Honor, I see that my time is up, but if you permit me to respond. Sure, sure. Mr. Luckey's case is merely one example, Your Honor, and we would remind the court that by coercing the waiver of a preliminary hearing, the timing of a preliminary hearing is when the rights to discovery and the rules of criminal procedure come into play. And if the court would indulge me to conclude with one further statement. Well, very quickly. Yes. If the court has no further questions, of course, plaintiffs in this case ask that the court would reverse the district court's judgment and remand for further proceedings. Thank you. Any further questions from the panel? I have no questions on this argument, but could we take a 15-minute break after our argument concludes? This case is submitted and the break will now commence. We thank counsel for their arguments and briefing. Thank you.
judges: GOULD, HURWITZ, DESAI